```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA

        -against-                        18 Cr. 143 (RWS)

                                         SENTENCING
MARQUISE HERBERT,                        OPINION

                Defendant.
------------------------------------X
```

**Sweet, D.J.**

On July 11, 2018, Marquise Herbert ("Defendant" or "Herbert") pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with the intent to distribute marijuana. Based on the conclusions set forth below, Herbert will be sentenced to 27 months' imprisonment, subject to the scheduled sentencing hearing on November 20, 2018.

**Prior Proceedings**

Herbert was named in a one-count indictment filed in the Southern District of New York on February 20, 2018. Count One charges that from at least 2013 up to and including July 2017, in the Southern District of New York and elsewhere, Herbert and

1

other individuals conspired to distribute and possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), as well as a quantity of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D).

On July 11, 2018, Herbert appeared before the Honorable Sarah Netburn and allocuted to the lesser-included offense of conspiracy to distribute and possess with intent to distribute a quantity of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(D).

Herbert is scheduled to be sentenced on November 20, 2018.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and the Second Circuit's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed —
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for —
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. *See Crosby*,

3

397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to the Defendant's personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

The investigation that led to Herbert's arrest and indictment was conducted by a detective with the New York City Police Department ("NYPD"). On July 19, 2017, members of the NYPD executed a search warrant of an apartment located in the Bronx, New York. Herbert was present at the time of the search. During the search, the NYPD recovered approximately one kilogram of marijuana packaged for distribution, approximately 22 grams of crack cocaine packaged for distribution, and two firearms.

## The Relevant Statutory Provisions

4

For the lesser-included offense contained in Count One of the Indictment, to which Herbert pleaded guilty, the minimum term of imprisonment is zero years and the maximum term is five years. 21 U.S.C. §§ 846, 841(b)(1)(D). The offense is a Class D felony. 18 U.S.C. § 3559. The maximum fine is $250,000. 21 U.S.C. § 841(b)(1)(D). A special assessment of $100 is mandatory. 18 U.S.C. § 3013. The Court must impose a term of supervised release of at least two years. 21 U.S.C. § 841(b)(1)(D). The Defendant is eligible for not less than one nor more than five years' probation because the offense is a Class D felony. 18 U.S.C. § 3561(c)(1). Restitution is not applicable in this case. *Id.* § 3663.

**The Guidelines**

The 2016 edition of the *United States Sentencing Commission Guidelines Manual*, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

The Guideline for 21 U.S.C. § 841 is found in Section 2D1.1. Pursuant to that Section, the base offense level is 18. *Id.* § 2D1.1(a)(5). Because the Defendant possessed a firearm, a

two-level enhancement is applicable. *Id.* § 2D1.1(b)(1). The Defendant has clearly demonstrated acceptance of responsibility for the offense, and a two-level sentence reduction pursuant to Section 3E1.1(a) therefore applies. Also, because the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty, the offense level is decreased by one additional level. *Id.* § 3E1.1(b). Accordingly, the total offense level is 17.

Because Herbert was on probation from a youthful offender adjudication when certain acts in this conspiracy took place, his total criminal history score is three. *Id.* § 4A1.1(d). This criminal history score establishes a Criminal History Category of II. *Id.* Ch. 5, Pt. A.

Based on the total offense level of 17 and a Criminal History Category of II, the Guideline imprisonment range is 27 to 33 months. *Id.* As the offense is a Class D felony, the Guideline range for a term of supervised release is two to three years. *Id.* § 5D1.2(c). Since the applicable Guideline range is in Zone D of the Sentencing Table, Herbert is ineligible for probation. *Id.* § 5B1.1.

The fine range for this offense is from $10,000 to $250,000. *Id.* § 5E1.2(c)(3).

Costs of prosecution shall be imposed on Defendant as required by statute. *Id.* § 5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. *Id.* § 5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated August 1, 2018, provides a daily cost of $99, a monthly cost of $3,025, and an annual cost of $36,300 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in *Booker*, 543 U.S. 220, and the Second Circuit's decision in *Crosby*, 397 F.3d 103. In light of the Court's

7

statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," *Kimbrough v. United States*, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the PSR, the Court will impose a sentence within the Guidelines range.

**The Sentence**

For the instant offense, Marquise Herbert shall be sentenced to 27 months' imprisonment. The term of imprisonment shall be followed by a term of three years of supervised release.

As mandatory conditions of his supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not unlawfully possess a controlled substance.

(3) Refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

(4) Cooperate in the collection of DNA, as directed by the probation officer.

8

The standard conditions of supervision (1-13) apply with the following special conditions:

(1) The Defendant shall be supervised by the district of residence.

(2) The Defendant will participate in an outpatient treatment program approved by the United States Probation Office, which program may include testing to determine whether the Defendant has reverted to using drugs or alcohol. The Defendant must contribute to the costs or services rendered based on his ability to pay and the availability of third-party payments. The Court authorizes the release of available drug treatment evaluations and reports, including the presentence investigation report, to the substance abuse treatment provider.

(3) The Defendant must submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's probation/supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant must inform any other residents that the premises may be subject to search pursuant to this condition.

(4) The Defendant must participate in a cognitive behavioral treatment program under the guidance and supervision of the probation officer, until such time as he is released from the program by the probation officer.

It is further ordered that the Defendant shall pay to the United States a special assessment of $100, which shall be due

9

immediately. Because the Defendant does not have the ability to pay a fine, the fine has been waived in this case.

The Defendant shall forfeit to the United States property as indicated in the Indictment. As such, any and all property constituting or derived from any proceeds Defendant obtained directly or indirectly as a result of this offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense alleged in Count One must be forfeited to the United States. 21 U.S.C. § 853.

The Defendant has been detained without bail since his arrest, and is not a candidate for voluntary surrender because of the provisions found in 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**November / 4, 2017**

ROBERT W. SWEET
U.S.D.J.